UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARY NELL WYATT, individually
and as executrix of the Estate of
Ronald E. Wyatt,
DANIEL WYATT,
AMANDA LIPPELT,
MICHELLE BROWN,
MARVIN T. WILSON,
RENETTA WILSON,
MARTY R. WILSON,                                              **COMPLAINT**
GINA R. BROWN,
BRADLEY G. KEY,
KIMI L. JOHNS and
BARRY T. KEY

          PLAINTIFFS,

v.

THE SYRIAN ARAB REPUBLIC
c/o Foreign Minister Farouk al-Sharaa
Ministry of ForeignAffairs,
Shora, Muhajireen
Damascus, Syria
and
THE KURDISTAN WORKERS PARTY
(aka Partiya Karkeran Kurdistan; aka PKK;
aka Halu Mesru Savunma Kuvveti; aka HSK;
aka The Peoples Defense Force; aka Kurdistan
Freedom and Democracy Congress; aka KADEK)
44 Ainger Road London, England NW3 3AT

          DEFENDANTS

## NATURE OF ACTION

1.     This is an action for personal injury and related torts brought pursuant to the

Foreign Sovereign Immunities Act, 28 U.S.C. §1602 *et seq*. and the Antiterrorism Act, 18 U.S.C.

§2331 *et seq.,* by American citizens abducted and held hostage by terrorists belonging to the Kurdistan Workers Party (hereinafter the "PKK") on August 30, 1991, near Elmali Village in Bingol Province, Turkey. The plaintiffs are the former hostages and their families. The defendants are The Syrian Arabic Republic ("Syria") and the PKK.

## JURISDICTION

2.   This Court has jurisdiction over this matter and defendant Syria pursuant to 28 U.S.C. §§ 1330(a), 1331, 1332(a)(2) and §1605A, which permit civil actions for personal injury and related torts against foreign state sponsors of terrorism and their officials, employees and agents. This Court has jurisdiction over this matter and defendant PKK pursuant to 18 U.S.C. §2333, which creates a federal cause of action for acts of international terrorism, and pursuant to the rules of supplemental jurisdiction.

## VENUE

3.   This Court is the appropriate venue for this action pursuant to 28 U.S.C. §1391(f)(4) and §1391(d).

## PARTIES

4.   Mary Nell Wyatt, an American citizen, is the widow, heir and executrix of the estate of the late Ronald E. Wyatt, an American citizen who was abducted and held hostage by the PKK.

5.   Daniel Wyatt, an American citizen, is the son of Ronald E. Wyatt.

6.   Amanda Lippelt, an American citizen, is the stepdaughter of Ronald E. Wyatt.

7.   Michelle Brown, an American citizen, is the daughter of Ronald E. Wyatt.

8.   Marvin T. Wilson, an American citizen, was abducted and held hostage by the PKK.

9. Renetta Wilson, an American citizen, is the wife of Marvin T. Wilson.

10. Marty R. Wilson, an American citizen, is the son of Marvin T. Wilson.

11. Gina R. Brown, an American citizen, is the daughter of Marvin T. Wilson.

12. Bradley G. Key, an American citizen, is the stepson of Marvin T. Wilson.

13. Kimi L. Johns, an American citizen, is the daughter of Marvin T. Wilson.

14. Barry T. Key, an American citizen, is the stepson of Marvin T. Wilson.

15. Syria is, and at all times relevant hereto was, a foreign state within the meaning of 28 U.S.C. §1603 and has been designated as a state sponsor of terrorism pursuant to section 6(j) of the Export Administration Act of 1979 (50 U.S.C. §2405(j)).

16. The Kurdistan Workers Party (also known as "Partiya Karkeran Kurdistan" or "PKK") is designated as a terrorist organization by the United States Department of State and is a legal person as defined in 18 U.S.C. §2331(3). The PKK and planned and executed the abduction and hostage-taking which caused harm to the plaintiffs, while acting as an agent and co-conspirator of Syria and its officials, employees and agents, and using material support and resources provided for that specific purpose by Syria and its officials, employees and agents.

## STATEMENT OF FACTS

17. The Syrian Ministry of Defense (hereinafter "SMD") is, and at all times relevant hereto, was responsible for operating and controlling Syria's armed forces and intelligence services. Within the scope of its agency and office, the SMD routinely provided to the PKK material support and resources for the commission of terrorist acts and performed actions which caused injury to the plaintiffs.

18. Mustafa Tlass (hereinafter "Tlass") at all times relevant hereto was the Syrian Minister of Defense and an official, employee and agent of Syria. Within the scope of his office,

employment and agency, Tlass routinely provided material support and resources to the PKK for the commission of terrorist acts and performed actions which caused injury to the plaintiffs.

19. Ghazi Kanaan (hereinafter "Kanaan") at all times relevant hereto, was a military officer with the rank of General in the armed forces of Syria and the commander of Syrian intelligence agencies in Lebanon. Within the scope of his office, employment and agency, defendant Kanaan routinely provided material support and resources to the PKK for the commission of terrorist acts and performed actions which caused injury to the plaintiffs.

20. On August 30, 1991, Ronald E. Wyatt and Marvin T. Wilson (hereinafter "Wyatt and Wilson") were traveling with others near Elmali Village in Bingol Province in Turkey when they were stopped and surrounded by approximately ten vehicles commanded by the PKK.

21. PKK terrorists carrying automatic weapons and grenades entered the van in which Wyatt, Wilson and others were traveling, forcibly removed them at gunpoint and took them hostage.

22. For twenty-one days, the PKK forcibly held Wyatt and Wilson as hostages and prisoners in an area of Eastern Turkey known as the Black Hell Valley. They were forced to march for up to eleven hours at a time and made to live outdoors exposed to the elements without adequate food, shelter, or clothing, were denied medical care, the ability to communicate with their families or the outside world, subjected to indoctrination and brainwashing attempts and were otherwise mistreated.

23. The PKK had specific demands and conditions for the release of Wyatt and Wilson (and the non-party hostages). These demands and conditions were posed primarily to outside parties (such as the governments of the United States, Britain, Australia and Turkey).

During their captivity, Wyatt and Wilson were informed by their captors that their release was conditioned on:

    a. the United States' termination of its financial and military support of Turkey (plaintiffs' PKK captors were particularly incensed that weeks earlier the United States had given Turkey billions of dollars in aid and weapons, in part specifically directed to assist Turkey in its campaign against the PKK);

    b. support of the United States, Britain, Australia and Turkey for the creation of an independent Kurdish state;

    c. recognition by the international community, and especially the United States, Britain, Australia and Turkey, of the PKK's right to control portions of Turkish territory;

    d. international recognition of the plight of Kurds and the Kurdish nationalism movement;

    e. the Turkish government providing increased civil right to Kurds.

24. The PKK and Syria further intended the hostage-taking to:

    a. harm Turkish tourism;

    b. cause embarrassment to the Turkish government during its three-day independence day celebration, which coincided with the hostage taking;

    c. utilize Wyatt and Wilson (and the other non-party hostages) as human bait to lure Turkish rescue personnel into ambushes in order to kill them.

25. Shortly after Wyatt and Wilson were taken hostage, Turkish military and security personnel launched an operation to rescue them. At least two Turkish soldiers were shot and

killed by the PKK, while attempting to free Wyatt and Wilson from PKK captivity. The PKK captors intentionally used Wyatt and Wilson as human bait to lure Turkish rescue personnel into ambushes in order to kill them.

26. On September 21, 1991, while being transported, Wyatt and Wilson escaped from an automobile driven by a PKK terrorist.

27. The PKK is a revolutionary Marxist organization which at all relevant times was led by Abdullah Ocalan. It has waged an international terrorist campaign in order to obtain the creation of an independent Kurdish state in southeastern Turkey. In pursuit of its political goals, the PKK has carried out since its founding in 1974 thousands of terrorist bombings, shootings and kidnappings. The PKK has specifically targeted foreign tourists in these terrorist attacks. The PKK has frequently abducted and held hostage foreigners, conditioning release of the hostages on political concessions by foreign governments and at the same time using the hostages as human bait to lure Turkish rescue personnel into ambushes in order to kill them.

28. Syria is one of the original countries declared a state sponsor of terrorism by the United States in 1979 pursuant to the Export Administration Act, 50 U.S.C. App. 2405(j). Syria has a long-standing history of support for terrorism and has remained designated as a terrorist sponsoring state since 1979.

29. At all times relevant to this complaint and for at least a decade prior to the abduction of plaintiffs, Syria routinely provided financial, technical, logistical and other material support and resources to the PKK for the express purpose of causing and facilitating the commission of terrorist acts, including acts of extrajudicial killing and hostage-taking.

30. Syria's support for the PKK during the relevant period included but was not limited to:

    a. assistance and participation in hostage-taking, including the abduction of Wyatt and Wilson;

    b. providing weapons, ammunition and false passports;

    c. establishment and maintenance of PKK headquarters and offices in Syria;

    d. providing safe haven and shelter in Syria to senior PKK commanders;

    e. establishment and maintenance of PKK training and military bases near Damascus, in northern Syria, along Syria's border with Turkey, and in the Syrian-controlled Beka'a Valley of Lebanon. PKK members utilized bases in northern Syria to infiltrate Turkey and smuggle arms into Turkey;

    f. providing military and terrorist training to PKK members, in Syria and Syrian-controlled Lebanon, by members of the Syrian armed forces and intelligence agencies;

    g. establishment and maintenance of the PKK's logistical infrastructure in Syria, allowing the PKK to carry out operational activities and receive Syrian logistical assistance.

31. Syria, the SMD, Tlass, and Kanaan provided the PKK with material support and resources within the meaning of 28 U.S.C. §1605A(a)(1), specifically in order to cause and facilitate the commission of acts of extrajudicial killing and hostage-taking by the PKK, including the terrorist operation in which Wyatt and Wilson were abducted and held hostage and the two Turkish soldiers murdered. Such support was provided routinely, in furtherance of a specific policy and/or practice established and maintained by Syria, the SMD, Tlass and Kanaan. Syria, the SMD, Tlass, and Kanaan provided this support to the PKK while giving substantial aid, assistance and encouragement to one another, and knowingly and willingly conspired,

agreed and acted in concert with one another in pursuance of a common plan and design to provide material support and resources to the PKK.

33. At all relevant times the SMD, Tlass, and Kanaan were agents, employees, and/or officials of Syria acting within the scope of their agency, employment and/or office. At all relevant times the PKK was an agent of Syria, SMD, Tlass, and Kanaan, acting within the scope of its agency.

33. Acting as agents and on behalf of Syria, the SMD, Tlass and Kanaan provided to the PKK the funds, resources, training and other material support and resources provided by Syria, described above. The actions of the SMD, Tlass and Kanaan facilitated and caused the abduction and taking hostage of Wyatt and Wilson and plaintiffs' injuries, and were performed by the SMD, Tlass and Kanaan within the scope of their office, employment and agency within the meaning of 28 U.S.C. §§ 1605A(a)(1) and 1605A(c).

34. Officers and employees of the SMD were present while Wyatt and Wilson were held hostage and otherwise aided, assisted, and advised the PKK captors.

## DEFENDANT SYRIA IS NOT IMMUNE FROM THIS ACTION

35. The PKK operation in which Wyatt and Wilson were abducted and held hostage constitutes an "act of hostage-taking" within the meaning of 28 U.S.C. §1605A(a)(1). Syria, the SMD, Tlass and Kanaan provided material support and resources for that act of hostage-taking, and pursuant to 28 U.S.C. §1605A(a)(1) Syria is therefore not immune from this action.

36. During the course of the PKK operation in which Wyatt and Wilson were abducted and held hostage, the PKK murdered at least two Turkish security personnel who were attempting to rescue the hostages. The PKK intentionally used Wyatt and Wilson (and the nonparty hostages) as human bait to lure and kill Turkish security personnel. Therefore the PKK

operation in which Wyatt and Wilson were abducted and plaintiffs were harmed also constitutes an "act of extrajudicial killing" within the meaning of 28 U.S.C. §1605A(a)(1). Syria, the SMD, Tlass and Kanaan provided material support and resources for that act of extrajudicial killing, and pursuant to 28 U.S.C. §1605A(a)(1) Syria is therefore not immune from this action.

37. For over a decade prior to the PKK operation in which plaintiffs were harmed, Syria, the SMD, Tlass and Kanaan financed, trained and armed the PKK for the specific purpose of carrying out acts of extrajudicial killing and hostage-taking in Turkey. Using the material support and resources provided by Syria, the SMD, Tlass and Kanaan, the PKK established highly trained and well-armed terrorist cadres which carried out thousands of acts of extrajudicial killing and hostage-taking in Turkey. The PKK carried out the operation in which plaintiffs were abducted using the same material support and resources that were provided by Syria, the SMD, Tlass and Kanaan for the express purpose of committing acts of extrajudicial killing and hostage-taking in Turkey. Without the material support and resources provided by Syria and its agents for acts of extrajudicial killing and hostage-taking, the PKK could not have abducted plaintiffs. Thus, in the alternative, even if the specific PKK operation in which plaintiffs were harmed did not constitute either an act of hostage-taking or an act of extrajudicial killing, that operation was nonetheless both tortious and a direct and proximate result of Syria's provision to the PKK of funds, weapons, training and other material support and resources for acts of hostage-taking and extrajudicial killing. For this reason as well, pursuant to 28 U.S.C. §1605A(a)(1), Syria is not immune from this action.

## COUNT I
### ON BEHALF OF ALL PLAINTIFFS
### AGAINST DEFENDANT SYRIAN ARAB REPUBLIC
### ACTION FOR DAMAGES UNDER 28 U.S.C. §1605A(c)

38. The foregoing paragraphs are incorporated herein as if fully set forth.

39. The PKK forcefully abducted Wyatt and Wilson at gunpoint, against their will and without their consent. For a period of twenty-one days the PKK unlawfully held Wyatt and Wilson in captivity against their will. Wyatt and Wilson were deprived of freedom and liberty, and had no means of escape or communication with their families or the outside world.

40. The PKK threatened and physically abused Wyatt and Wilson, placed them in fear and apprehension of harm or death, and inflicted upon them extreme mental anguish, physical injury, and pain and suffering.

41. The PKK's conduct described herein was caused and facilitated as a direct and proximate result of the material support and resources provided to the PKK by Syria and its officials, employees and agents.

42. Syria's conduct was willful, outrageous and dangerous to human life, and violates applicable criminal law, all international standards of civilized human conduct and common decency. Syria's conduct was intended or could reasonably have been foreseen to, and did in fact, cause Wyatt, Wilson and the other plaintiffs to be terrorized and to suffer severe emotional distress and anguish.

43. Syria's conduct caused Wyatt and Wilson to be deprived of the services, society, guidance, solatium and consortium of their family members, and to suffer extreme mental anguish and emotional pain and suffering.

44. Syria's conduct caused Mary Nell Wyatt, Daniel Wyatt, Amanda Lippelt, Michelle Brown, Renetta Wilson, Marty R. Wilson, Gina R. Brown, Bradley G. Key, Kimi L. Johns, and Barry T. Key to be deprived of the services, society, guidance, solatium and consortium of Wyatt and Wilson, and to suffer extreme mental anguish and emotional pain and suffering.

45. Syria's conduct caused harm to and interference with the business and commercial enterprise of Wyatt and Wilson, causing them to sustain economic loss. As a result of Syria's actions, Wyatt and Wilson also suffered various medical and other expenses.

46. The harm and injuries suffered by plaintiffs described herein were the direct and proximate result of Syria's conduct.

47. Syria is therefore liable for the full amount of plaintiffs' damages under 28 U.S.C. §1605A(c), in such sums as may hereinafter be determined.

48. Syria's conduct was criminal in nature, outrageous, extreme, wanton, willful, malicious, and constitutes a threat to the public warranting an award of punitive damages under 28 U.S.C. §1605A(c).

**COUNT II**
**ON BEHALF OF PLAINTIFFS MARY NELL WYATT AS EXECUTRIX OF THE ESTATE OF RONALD E. WYATT AND MARVIN T. WILSON**
**AGAINST BOTH DEFENDANTS**
**FALSE IMPRISONMENT UNDER THE LAW OF TEXAS AND TENNESSEE**

49. The foregoing paragraphs are incorporated herein as if fully set forth.

50. At the time of the act of hostage-taking giving rise to this action, decedent Ronald E. Wyatt and plaintiffs Mary Nell Wyatt, Daniel Wyatt, Amanda Lippelt and Michelle Brown were residents and domiciliaries of Tennessee.

51. At the time of the act of hostage-taking giving rise to this action, plaintiffs Marvin T. Wilson, Renetta Wilson, Marty R. Wilson, Gina R. Brown, Bradley G. Key, Kimi L. Johns and Barry T. Key were residents and domiciliaries of Texas.

52. The conduct of the PKK toward Wyatt and Wilson constitutes the tort of false imprisonment under the law of Tennessee and Texas.

53. The abduction and unlawful imprisonment of Wyatt and Wilson was caused and facilitated as a direct and proximate result of the material support and resources provided to the PKK by Syria and its officials, employees and agents.

54. Defendants are therefore jointly and severally liable for the full amount of plaintiffs' damages, in such sums as may hereinafter be determined.

55. Defendants' conduct was criminal in nature, outrageous, extreme, wanton, willful, malicious, and constitutes a threat to the public warranting an award of punitive damages.

### COUNT III
### ON BEHALF OF ALL PLAINTIFFS AGAINST BOTH DEFENDANTS
### INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### UNDER THE LAW OF TEXAS AND TENNESSEE

56. The foregoing paragraphs are incorporated herein as if fully set forth.

57. Defendants' conduct constitutes the tort of intentional and/or negligent infliction of emotional distress under the law of Tennessee and Texas.

58. Plaintiffs' emotional distress was caused as a direct and proximate result of the material support and resources provided to the PKK by Syria and its officials, employees and agents.

59. Defendants are therefore jointly and severally liable for the full amount of plaintiffs' damages, in such sums as may hereinafter be determined.

60. Defendants' conduct was criminal in nature, outrageous, extreme, wanton, willful, malicious, and constitutes a threat to the public warranting an award of punitive damages.

### COUNT IV
### ON BEHALF OF PLAINTIFFS MARY NELL WYATT AS EXECUTRIX OF THE
### ESTATE OF RONALD E. WYATT AND MARVIN T. WILSON
### AGAINST BOTH DEFENDANTS
### ASSAULT UNDER THE LAW OF TEXAS AND TENNESSEE

61. The foregoing paragraphs are incorporated herein as if fully set forth.

62. The conduct of the PKK toward Wyatt and Wilson constitutes the tort of assault under the law of Tennessee and Texas.

63. The PKK's assault on Wyatt and Wilson was caused and facilitated as a direct and proximate result of the material support and resources provided to the PKK by Syria and its officials, employees and agents.

64. Defendants are therefore jointly and severally liable for the full amount of plaintiffs' damages, in such sums as may hereinafter be determined.

65. Defendants' conduct was criminal in nature, outrageous, extreme, wanton, willful, malicious, and constitutes a threat to the public at large warranting an award of punitive damages.

## COUNT V
### ON BEHALF OF PLAINTIFFS MARY NELL WYATT AS EXECUTRIX OF THE ESTATE OF RONALD E. WYATT AND MARVIN T. WILSON AGAINST BOTH DEFENDANTS
### BATTERY UNDER THE LAW OF TEXAS AND TENNESSEE

66. The foregoing paragraphs are incorporated herein as if fully set forth.

67. The conduct of the PKK toward Wyatt and Wilson constitutes the tort of battery under the law of Tennessee and Texas.

68. The PKK's battery of Wyatt and Wilson was caused and facilitated as a direct and proximate result of the material support and resources provided to the PKK by Syria and its officials, employees and agents.

69. Defendants are therefore jointly and severally liable for the full amount of plaintiffs' damages, in such sums as may hereinafter be determined.

70. Defendants' conduct was criminal in nature, outrageous, extreme, wanton, willful, malicious, and constitutes a threat to the public at large warranting an award of punitive damages.

### COUNT VI
### ON BEHALF OF ALL PLAINTIFFS AGAINST BOTH DEFENDANTS
### LOSS OF CONSORTIUM AND SOLATIUM
### UNDER THE LAW OF TEXAS AND TENNESSEE

71. The foregoing paragraphs are incorporated herein as if fully set forth.

72. The conduct of the PKK toward Wyatt and Wilson caused them and the other plaintiffs loss of consortium and solatium under the law of Tennessee and Texas.

73. The PKK's conduct was caused and facilitated as a direct and proximate result of the material support and resources provided to the PKK by Syria and its officials, employees and agents.

74. Defendants are therefore jointly and severally liable for the full amount of plaintiffs' damages, in such sums as may hereinafter be determined.

75. Defendants' conduct was criminal in nature, outrageous, extreme, wanton, willful, malicious, and constitutes a threat to the public at large warranting an award of punitive damages.

### COUNT VII
### ON BEHALF OF PLAINTIFFS MARY NELL WYATT AS EXECUTRIX OF THE
### ESTATE OF RONALD E. WYATT AND MARVIN T. WILSON
### AGAINST BOTH DEFENDANTS
### ACTION FOR ECONOMIC DAMAGES
### UNDER THE LAW OF TEXAS AND TENNESSEE

76. The foregoing paragraphs are incorporated herein as if fully set forth.

77. Defendants' conduct interfered with and harmed the business and commercial enterprise of Wyatt and Wilson, causing them to sustain economic loss which is compensable under the law of Tennessee and Texas.

78. Defendants are therefore jointly and severally liable for the full amount of plaintiffs' damages, in such sums as may hereinafter be determined.

79. Defendants' conduct was criminal in nature, outrageous, extreme, wanton, willful, malicious, and constitutes a threat to the public at large warranting an award of punitive damages.

## COUNT VIII
## ON BEHALF OF ALL PLAINTIFFS AGAINST BOTH DEFENDANTS
## VICARIOUS LIABILITY:
## CIVIL CONSPIRACY/AIDING AND ABETTING/RESPONDEAT SUPERIOR

80. The foregoing paragraphs are incorporated herein as if fully set forth.

81. The defendants knowingly and willingly conspired, planned, acted in concert and agreed between themselves in a common plan and design to execute, sponsor, facilitate, aid, abet and provide massive material support and resources for the commission of tortious acts including acts of extrajudicial killing and hostage-taking and the specific abduction and taking hostage of Wyatt and Wilson.

82. Syria, SMD, Tlass and Kanaan, provided the PKK with material support and resources within the meaning of 28 U.S.C. §1605A(a)(1), and other substantial aid and assistance, in order to aid, abet, facilitate and cause the commission of acts of extrajudicial killing and hostage-taking including the specific terrorist operation in which plaintiffs were harmed. The PKK abducted and held Wyatt and Wilson hostage as the agent of Syria, SMD, Tlass and Kanaan, within the scope of its agency.

83. As a result of the terrorist operation in which Wyatt and Wilson were abducted, which operation was carried out by Syria's agent the PKK, and which was proximately caused and facilitated by defendants' conspiracy and Syria's provision of material support and resources for and other acts of aiding and abetting PKK terrorism, plaintiffs suffered the damages enumerated herein.

84. Defendants are therefore jointly and severally liable for the full amount of plaintiffs' damages, in such sums as may hereinafter be determined.

85. Defendants' conduct was criminal in nature, outrageous, extreme, wanton, willful, malicious, and constitutes a threat to the public warranting an award of punitive damages.

## COUNT IX
## BY ALL PLAINTIFFS
## AGAINST DEFENDANT PKK
## INTERNATIONAL TERRORISM

86. The foregoing paragraphs are incorporated herein as if fully set forth.

87. The actions of defendant PKK constitute a violation of the criminal laws of the United States and of the several states, or would constitute criminal violations if committed within the jurisdiction of the United States and of the several states.

88. The actions of defendant PKK were intended to intimidate or coerce a civilian population, and to influence the policy of a government by intimidation or coercion, within the meaning of 18 U.S.C. §2331, as defendant PKK, through its representatives, spokesmen and publications: (a) repeatedly advocated, praised and lauded acts of terrorism and violence in Turkey, admitted to committing such acts and expressly stated that these acts were intended to intimidate and coerce a civilian population, and to influence the policy of the Turkish and United States, and (b) expressly threatened the further occurrence of such terrorist acts if their political demands were not met.

89. The PKK's actions were dangerous to human life, by their nature and as evidenced by their consequences.

90. The PKK's actions occurred outside the territorial jurisdiction of the United States.

91. The actions of defendant PKK therefore constitute "acts of international terrorism" as defined in 18 U.S.C. §§ 2331 and 2333.

92. As a direct and proximate result of the acts of international terrorism committed by PKK plaintiffs suffered the damages enumerated herein. Defendant PKK is therefore liable for all of plaintiffs' damages.

WHEREFORE, plaintiffs request:

(1) that a judgment be entered for each of Counts I-VIII against the Syrian Arab Republic for compensatory and punitive damages, costs, prejudgment interest, counsel fees, and any other relief which the Court may deem appropriate;

(2) that a judgment be entered for each of Counts II-VIII against the Syrian Arab Republic and the PKK jointly and severally for compensatory and punitive damages, costs, prejudgment interest, counsel fees, and any other relief which the Court may deem appropriate; and

(3) that a judgment be entered against the PKK for Count IX for compensatory damages, statutory treble damages, costs, counsel fees, prejudgment interest and any other relief which the Court may deem appropriate.

March 20, 2008

Plaintiffs, by their Attorneys,

_____
David J. Strachman
D.C. Bar No. D00210
McIntyre, Tate & Lynch, LLP
321 South Main Street, Suite 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

Mary Nell Wyatt, individually and as executrix of the Estate of Ronald E. Wyatt, Daniel Wyatt, Amanda Lippelt, Michelle Brown, Marvin T. Wilson, Renetta Wilson, Marty R. Wilson, Gina R. Brown, Bradley G. Key, Kimi L. Johns and Barry T. Key

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

David J. Strachman, Esq.
McIntyre, Tate & Lynch LLP
321 South Main Street, Suite 400
Providence, RI 02903
(401) 351-7700

## DEFENDANTS

The Syrian Arab Republic and The Kurdistan Workers Party (aka Partiya Karkeran Kurdistan; aka PKK; aka Halu Mesru Savunma Kuvveti; aka HSK; aka The Peoples Defense Force; aka Kurdistan Freedom and Democracy Congress; aka KADEK)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ● B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☒ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ● 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 U.S.C. §1605A - Antiterrorism personal injury

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   Check YES only if demanded in complaint   JURY DEMAND:  YES ☐  NO ☐

**VIII. RELATED CASE(S) IF ANY**  (See instruction)   YES [X]   NO ☐   If yes, please complete related case form.

DATE  2/24/07   SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.