UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARY NELL WYATT, et al.

08-cv-00502 (RMU)

SYRIAN ARAB REPUBLIC, et al.

### MOTION TO WITHDRAW APPEARANCE AS COUNSEL FOR PLAINTIFFS

Pursuant to Local Civil Rule 83.6(c), counsel for plaintiffs respectfully moves this Court for leave to withdraw his appearance as their attorney.

All plaintiffs have indicated in writing that they do not object to his withdrawal and consent to this motion. Exhibits A – K. Counsel has provided several notices to the plaintiffs of his intent to withdraw, including the specific Notice required in L.Cv.R. 83.6(c). Exhibit L.

The grounds for this motion are set forth in the accompanying memorandum.

A proposed order is attached hereto.

/S/ David J. Strachman
David J. Strachman
No. D00210
McIntyre Tate LLP
321 South Main Street, Suite 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)
djs@mtlesq.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


MARY NELL WYATT, et al.


08-cv-00502 (RMU)


SYRIAN ARAB REPUBLIC, et al.


**MEMORANDUM IN SUPPORT OF MOTION
TO WITHDRAW APPEARANCE AS COUNSEL FOR PLAINTIFFS**

Counsel for the plaintiffs moves the Court for leave to withdraw his appearance on their behalf. Counsel is similarly seeking to withdraw in the parallel proceeding *Wyatt v. Syrian Arab Republic, et al* 01-01628 (RMU).

**I.  Applicable Law**

When an attorney seeks to withdraw his appearance with the consent of his clients, but when they have not yet arranged for new counsel to appear, he must move for the Court's leave to withdraw.  L.Cv.R. 83.6(c). In considering a request of counsel to withdraw, "Local Civil Rule 83.6(d) guides the court's ruling." *Poblete v. Rittenhouse Mortg.*, *Brokers*, 675 F.Supp.2d 130, 136 (D.D.C. 2009). That rule provides that the only grounds for denying an attorney's motion for leave to withdraw is if the withdrawal would

2

(1) unduly delay trial of the case, or (2) be unduly prejudicial to any party, or (3) otherwise not be in the interest of justice. L.Cv.R. 83.6(d).

When the criteria of L.Cv.R. 83.6(d) are met, counsel will be permitted to withdraw even in the absence of a party obtaining new counsel. *Cobell v. Norton*, 213 F.R.D. 43, 7 (D.D.C. 2003) ("Because no other attorney has entered an appearance on behalf of Old Person, the Court will presume that Old Person intends to proceed pro se in the present litigation, because he has not filed any objection to class counsel's motion to withdraw."). *Laster v. District of Columbia*, 460 F.Supp.2d 111 (D.D.C. 2006), *Coleman-Adebayo v. Johnson*, 668 F.Supp.2d 29 (D.D.C. 2009), *Poblete v. Rittenhouse Mortg. Brokers*, 675 F.Supp.2d 130 (D.D.C. 2009).

In such circumstances, the court granting the motion to withdraw will typically order the party to notify the court within a specified period of time whether he intends to "secure alternate legal counsel or to proceed in [the] action *pro se*." *Hajjar-Nejad v. George Washington University*, 802 F.Supp.2d 166, 180 (D.D.C. 2011), *see also Steinbuch v. Cutler*, 2006 WL 1889987 (D.D.C. 2006).

As all of the plaintiffs consent to counsel's withdrawal and none of the L.Cv.R. 83.6 (d) factors are applicable here, counsel's motion should be granted.

**II. Counsel is unable to continue representing plaintiffs.**

When this litigation against the Syrian defendants commenced in 2001, approximately 11 years ago, neither counsel nor plaintiffs contemplated that it would have taken so many twists and turns. Delay in service of process, Syria's interlocutory appeal to the Court of Appeals, Syria's repeated requests for extensions of time, and most significantly, the dramatic intervening changes in the applicable legal regime (the repeal of

28 U.S. §1605(a)(7) and its replacement with 28 U.S.C. §1605A) requiring the refiling of plaintiffs' claim in 2008, have caused the litigation of plaintiffs' claims to take far longer than anyone could have imagined in 2001.

Counsel for plaintiffs is now unable to continue representing them in this litigation. For personal and professional reasons, the undersigned counsel is unable to continue his federal court practice and has curtailed and withdrawn (or is moving to terminate) his involvement in all federal court litigation and cases involving terrorism victims (with one exception).

The undersigned counsel has already previously withdrawn and terminated his involvement from several federal court and civil terrorism cases in Washington and New York. Simultaneous with this filing, he is moving to withdraw his appearance from the one remaining pretrial litigation matter in which he is involved. Thereafter, counsel will have no involvement in federal court litigation other than serving as co-counsel in the *Rubin-*judgment creditors' on-going post-judgment collection proceedings.

With this exception, counsel will no longer maintain a practice in this field or in federal court litigation as personal and professional issues prevent his ability to allocate the extraordinary amount of time and resources necessary to represent plaintiffs in these actions.

Further, issues which involve counsel's family and personal life, prevent him from handling cases requiring absence from Rhode Island. Consequently, he has reduced and terminated all of his out of state professional commitments. Counsel has modified his practice significantly and curtailed extended travel and out of state court appearances. By necessity, he has withdrawn from several terrorism victims' cases like this action and as

noted above, is no longer engaged in out of state federal court litigation, except as co-counsel in *Rubin* collection proceedings.

### III. The Plaintiffs consent to counsel's withdrawal.

On January 25 and 26, 2012, the undersigned personally informed Mary Nell Wyatt (Lee) and Marvin Wilson (the designated representatives-spokesmen for each of the two families involved in this litigation and counsel's main contact with the plaintiffs) of his intent to withdraw regarding this litigation and their need to obtain successor counsel.

On February 6, 2012, the undersigned notified all plaintiffs in writing of his intent to move to withdraw and their need to obtain substitute counsel.

Following counsel's communications with the plaintiffs as described above, counsel sought and obtained their written consent for his withdrawal. Each plaintiff has signed a written notice indicating that "I do not object and consent to the withdrawal of David J. Strachman of McIntyre Tate LLP as counsel in the above-referenced matters." Exhibits A - K.

On behalf of their families, Ms. Wyatt and Mr. Wilson have thoughtfully and kindly communicated to the undersigned that he has more than fulfilled his duties to the plaintiffs and understand his need to withdraw from this litigation. They support this motion and informed the undersigned that they understand that they will need to obtain new counsel.

Further, counsel additionally sent a second, formal notice of counsel's intent to withdraw as required by local rules. Pursuant to L.Cv.R. 83.6(c), the attached Notice was sent along with this motion to each plaintiff at his current address as indicated below. Exhibit L. Accordingly, plaintiffs have received several notifications of counsel's request to withdraw and their need to obtain successor counsel.

**IV. Withdrawal will not unduly delay trial of the case.**

This matter and its parallel proceeding have been pending for some time. However, there are no critical current deadlines pending before this Court. Following this Court's denial of their motion to dismiss, defendant's status and involvement in the case remains a mystery. Defendants have not yet even filed an answer to the complaint. Defendants' counsel indicated in their last filing that with respect to "remaining non-jurisdictional issues. . . Syria has not authorized counsel to address on its behalf, as Syria has repeatedly made clear in this case and others in U.S. courts." 08-cv-00502, dkt. # 23, p. 1. Accordingly, it remains unclear whether defendants will continue to participate in this matter once the issues of consolidation and the appropriatness of plaintiffs' state law claims have been resolved. [1]

Defendants still have not answered the case, other pre-trial matters have not been resolved and there are no pending deadlines or schedules. Accordingly, no trial date has been set.

Once the pending withdrawal motion is addressed, this matter can move on and defendants will either file an answer and the matter will proceed to discovery or defendants will maintain their refusal to answer such cases and default will enter. Accordingly, this case is not at a crucial state such that successor counsel cannot easily take over the representation the plaintiffs in this matter. Naturally, the undersigned has pledged to plaintiffs that he will assist their new counsel and ensure a smooth transaction.

Accordingly, withdrawal of counsel will not "unduly delay trial of the case."

---

[1] In the Court's last decision, it ordered the parties "to submit supplemental memoranda on whether the plaintiffs' state law claims are appropriate under the new terrorism exception framework and whether the court should consolidate the plaintiffs' two related actions." 08-502, dkt.# 21, p.12. The parties' responses have been submitted to the Court for its consideration.

**V. Neither party will be unfairly prejudiced by counsel's withdrawal.**

As indicated above, plaintiffs have provided written notice to the Courts that they do not object to counsel's withdrawal and, in fact, consent to this motion.  Exhibits A - K.  Plaintiffs are also represented by the Law Office of Nitsana Darshan-Leitner of Tel Aviv who is helping plaintiffs obtain successor counsel for this litigation.[2]  Plaintiffs may also find their own substitute counsel.  As there are no pending deadlines and this litigation remains at a preliminarily stage, plaintiffs will suffer no any prejudice from counsel's withdrawal.

Similarly, the defendants will suffer no prejudice by plaintiffs' counsel's withdrawal.  It is inconceivable that they could identify any prejudice or other detriment from counsel's withdrawal.  Even notwithstanding the defendants' precarious involvement in this matter (as indicated by their counsel's representation to the Court quoted above), they would be hard pressed to identify any prejudice they will suffer if counsel's motion to withdraw is granted.

**VI. Granting the motion is not contrary to the interest of justice.**

As plaintiffs' counsel is no longer able to continue on with this litigation, it would be unjust to deny the motion to withdraw.  The extraordinary circumstances of this litigation far exceed what could ever have been anticipated by counsel or his firm when undertaking to represent the plaintiffs.  After 11 years, counsel is unable to continue with this

---

[2] Prior to the inception of this litigation, plaintiffs retained Attorney Darshan-Leitner regarding the terrorist attack which is the subject of these cases.  Attorney Darshan-Leitner and lawyers associated with her office were involved in initiating this litigation and have participated in all aspects of this case.  After organizing the litigation, they sought the assistance of the undersigned to serve as counsel in Washington and have continued representing plaintiffs throughout every phase of this litigation.  The undersigned has been informed by attorneys at that firm that they are actively engaged in seeking new counsel for plaintiffs.  They have indicated that under the circumstances, counsel should move to withdraw and advised the undersigned to file this motion.

representation and justice is served by granting the motion. The plaintiffs themselves recognize this by providing their written consent to the motion and informing him that counsel has fulfilled his duties to them.

## VII. Conclusion

Accordingly, since withdrawal of counsel will not delay the trial or unfairly prejudice either party, and withdrawal is not contrary to the interest of justice, L.Cv.R. 83.6(d) has been satisfied and counsel should be permitted to withdraw.

WHEREFORE, the undersigned respectfully requests that this Court grant counsel's Motion to Withdraw Appearance as Counsel for Plaintiffs. A proposed order is attached to this filing.

/S/ David J. Strachman
David J. Strachman
No. D00210
McIntyre Tate LLP
321 South Main Street, Suite 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)
djs@mtlesq.com

### CERTIFICATION

I hereby certify that on March 30, 2012 this motion, memorandum, and accompanying exhibits were filed with the ECF system which provided notice to the following to counsel of record:

Ramsey Clark
Clark & Schilling
37 West 12th Street – 2B
New York, NY 10011

I hereby certify that on March 30, 2012 a true copy of the within motion, memorandum, accompanying exhibits and specifically the Notice pursuant to L.Cv.R. 83.6(c) were mailed to plaintiffs at the following addresses:

Mary Nell Lee (Wyatt)                                    3413 Greens Mill Road

Spring Hill, TN  37174

Daniel Wyatt
134 Chippendale Drive
Hendersonville, TN 37075

Amanda Lippelt
480 White Oak Trail
Spring Hill, TN 37174

Michelle L. Wyatt Schelles
Administrative Assistant
NASG - Graphic Communications
3322 West End Avenue, Suite 800
Nashville, Tennessee 37203

Marvin Wilson
Renetta Wilson
2287 North Preston Road
Celina, TX 75009

7230 FM 1404
Gilmer, TX 75644

Marty R. Wilson
4105 NE Courtney Drive
Lee's Summit, MO  64064

Gina Ranae Brown Wilson
P.O. Box 2783
McKinney, TX  75070

Bradley Grant Key

Kimi Johns
614 CR 4446
Whitewright, TX 75491

Barry Todd Key
411 Dartmoor Ct.
Celina, TX  75009

/S/ David J. Strachman