**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

------------------------------------------------------------------X

MARY NELL WYATT, *et al.*,

                        Plaintiffs,                        Docket No: 08-cv-502 (RCL)

                -against-

SYRIAN ARAB REPUBLIC, *et al.*,

                        Defendants.

------------------------------------------------------------------X

## MOTION BY PLAINTIFFS TO REQUIRE PLAINTIFFS' FORMER COUNSEL TO PROVIDE INFORMATION NECESSARY TO DETERMINE DISTRIBUTION OF ATTORNEYS FEES AND DISBURSEMENTS

Plaintiffs respectfully file this motion to request that the Court issue an Order to Show Cause compelling plaintiffs' former counsel, David J. Strachman, Esq., to produce his retainer agreement(s), documentation of his disbursements incurred in this matter, his time sheets or other documentation of the work he performed for which he wants to be paid, and a statement of what he believes himself entitled to receive.

In this case, the Court entered a judgment for compensatory damages in the total amount of $38 million against the defendant Syrian Arab Republic on December 17, 2012 (DE 37). Since then, vigorous efforts have been made to enforce the judgment, *e.g., Wyatt v. Syrian Arab Rep.*, 800 F.3d 331 (7th Cir. 2015); *Weinstein v. Islamic Rep. of Iran*, 831 F.3d 470 (D.C. Cir. 2016).

Most recently, funds were recovered for the plaintiffs from the United States Victims of State Sponsored Terrorism Fund ("Fund") created by 42 U.S.C. § 10609. Each plaintiff had to

file a separate application to the Fund. Awards were made by the Fund in February 2017. The Fund sent each plaintiff's payment separately over a period of several weeks, and most of the funds were received into my firm's escrow account in March, 2017. Due to a probate issue that had to be litigated in a probate court in Tennessee, the last payment was not received until May 26, 2017. The total amount paid by the Fund for all the plaintiffs in this case was $5,189,318.

The statute that created the Fund caps legal fees and disbursements on moneys paid from the Fund at 25%, 42 USC § 10609(f). Accordingly, my office made distribution to each client of 75 percent of the amount recovered for each client. The last distribution to the last client (the Estate of Ronald Wyatt) was made on June 16, 2017.

After distributing 75 percent of the moneys recovered from the Fund to the clients, the remaining 25% is being held in my firm's escrow account. The amount being held for attorneys' fees and disbursements is $1,297,329.50.

We have now encountered difficulty proceeding with distribution of the attorneys' fees and disbursements. The issue is that plaintiffs' former attorney, David S. Strachman, Esq., has refused to provide basic information necessary to determine what portion, *vel non*, of the recovery he might be entitled to.

When this action (and its precursor action, *Wyatt v. Syrian Arab Republic,* 01-cv-1628) were filed, plaintiffs' attorneys consisted of Mr. Strachman in the United States, who was counsel of record, and noted Israeli human rights law attorney Nitsana Darshan-Leitner, Adv. On March 30, 2012 Mr. Strachman filed motions in this case and the precursor case seeking permission to withdraw as counsel advising the Court that "[f]or personal and professional reasons" he was "unable to continue...federal court practice" and that he had "curtailed and withdrawn...involvement in all federal court litigation and cases involving terrorism victims

(with one exception)." (DE 95 in 01-cv-1628; DE 24 in 08-cv-502). Both motions to withdraw were granted on May 17, 2012 (DE 98 in 01-cv-1628; DE 27 in 08-cv-502).

In his motions to withdraw, seeking to persuade the Court that the clients would not be prejudiced by his withdrawal, Mr. Strachman described the counsel arrangement up to that point as follows:

> Prior to the inception of this litigation, plaintiffs retained Attorney Darshan-Leitner regarding the terrorist attack which is the subject of these cases. Attorney Darshan-Leitner and lawyers associated with her office were involved in initiating this litigation and have participated in all aspects of this case. After organizing the litigation, they sought the assistance of the undersigned to serve as counsel in Washington and have continued representing plaintiffs throughout every phase of this litigation. The undersigned has been informed by attorneys at that firm that they are actively engaged in seeking new counsel for plaintiffs. They have indicated that under the circumstances, counsel should move to withdraw and advised the undersigned to file this motion.

(DE 24, 08-cv-502, p. 7, n.2).

Indeed, I have conferred with Ms. Darshan-Leitner and she has informed me that essentially all of the filings in this case were prepared by attorneys and paralegals affiliated with her in Israel, and were provided to Mr. Strachman ready to file. Mr. Strachman did very little actual work.

After Mr. Strachman's withdrawal from the case, at the request of Ms. Darshan-Leitner, the undersigned became involved in this case and appeared as counsel of record on July 1, 2012 (DE 28). Working together with Ms. Darshan-Leitner, plaintiffs entered the defendants' default (DE 31), retained experts, prepared expert reports, conducted a liability hearing on August 2, 2012, and prepared extensive factual submissions on damages and proposed findings of fact and conclusions of law (DE 34). After judgment was entered, the defendant appealed (DE 39), plaintiffs cross-appealed, and the appeals were fully briefed and argued in the DC Circuit,

resulting in an affirmance of this Court's judgment. *Wyatt v. Syrian Arab Republic*, 554 F. App'x 16 (D.C. Cir. 2014). Meanwhile the judgment was served on Syria (DE 44-49), a motion for a lis pendens was filed (DE 50), a motion for an order pursuant to 28 USC § 1610(c) was filed (DE 52), and post-judgment asset discovery was commenced (DE 58). An extensive effort was made to enforce this judgment against Syria's internet domain name (DE 63-114), resulting in another appeal, *Weinstein v. Islamic Rep. of Iran*, 831 F.3d 470 (D.C. Cir. 2016), and a judgment enforcement proceeding was commenced in the Northern District of Illinois in an unfortunately unsuccessful effort to obtain priority over certain other judgment creditors with respect to a substantial asset, *Wyatt v. Syrian Arab Rep.*, 800 F.3d 331 (7th Cir. 2015). All of this work was done by the undersigned or other attorneys at my firm, in conjunction with Ms. Darshan-Leitner and her team in Israel.

After distributing the clients' share of the recovery, I made efforts to obtain from Mr. Strachman the documents necessary to determine what portion, *vel non*, of the attorneys' share of the recovery he may be entitled to. An email was sent to him on June 20, 2017 requesting that he provide his retainer agreement(s), documentation of any outstanding disbursements, his time sheets or other documentation of his work, and anything else relevant to what he believes himself entitled to. (Ex. A). On June 21, 2017 Mr. Strachman responded with a letter in which he refused to provide the requested information, and instead demanded, *inter alia* copies of *my* retainer agreements and documentation of *my* work (Ex. B).

Mr. Strachman fails to recognize the posture here. He withdrew from this case five years ago. He is arguably entitled to be paid for the work he performed before withdrawing, depending on various factors, including whether he withdrew for cause or without cause, what the contingency fee retainer agreement provided in the event of withdrawal of counsel before the

successful recovery of funds, and what work he actually performed. There is also an issue as to whether he is entitled to be paid on an hourly basis or as a share of the contingency fee, particularly since he withdrew from the case and left the risks and responsibilities to others for years and only came back into the picture when there was money to divide.

However, plaintiffs are not asking the Court to determine any of these issues at this time. All that is being sought is an instruction to Mr. Strachman to produce the necessary documentation. Once the documents are produced, the matter will either be settled, submitted to arbitration, or placed before the Court.

It should be noted as well that besides refusing to produce the requested documents, Mr. Strachman has also not stated what he believes he is entitled to—whether it be a flat number, a percentage, or an hourly fee. Since Mr. Strachman refuses to even say what he wants, the effect is that the entire $1,297,329.50 attorneys' share of the recovery is being held hostage, since none if it can be distributed as there is an unquantified claim being asserted by Mr. Strachman. Thus, Ms. Darshan-Leitner, whom even Mr. Strachman admitted in his motion to withdraw was working on this case even before Mr. Strachman, cannot be paid, and I cannot be paid.

Accordingly, it is respectfully requested that the Court issue an Order to Show Cause directing that Mr. Strachman provide:

1. Whatever document(s) he claims constitutes his retainer agreement(s) in this matter.

2. Documentation of any outstanding disbursements incurred by Mr. Strachman.

3. His timesheets, or if he has none then whatever documentation he has of the work he performed.

4.      A statement of how much money he claims to be entitled to as legal fees, and an explanation of how he arrives at that number.

The Order to Show Cause should further provide that failure by Mr. Strachman to comply will result in his being barred from receiving a share of the legal fees herein.

Dated:   Brooklyn, New York
          June 21, 2017

Respectfully submitted,

THE BERKMAN LAW OFFICE, LLC
*Attorneys for the Plaintiffs*

by:   _____
          Robert J. Tolchin

111 Livingston Street, Suite 1928
Brooklyn, New York 11201
718-855-3627

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the date indicated below a true copy of the foregoing was served via ECF on all counsel of record herein:

Dated:    Brooklyn, New York
          June 21, 2017

_____
Robert J. Tolchin