IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

----------------------------------------------------------------- X

MARY NELL WYATT, *et al.*,

        Plaintiffs,   Docket No: 08-cv-502 (RCL)

-against-

SYRIAN ARAB REPUBLIC, *et al.*,

        Defendants.

----------------------------------------------------------------- X

## DECLARATION OF DAVID J. STRACHMAN

David J. Strachman of Providence, Rhode Island, declares pursuant to 28 U.S.C. § 1746, as follows:

1. I am an attorney licensed to practice law in Rhode Island and Massachusetts and am a member of the Bar of this Court. I was counsel to the plaintiffs in this action from 2008 until 2012, and in the predecessor action under the prior version of the FSIA, *Wyatt, et al. v. Syrian Arab Republic*, Civ. No. 01-cv-1628 (RCL), from 2001 until 2012, when the Court granted my motion to withdraw as counsel in both actions.

2. I make this declaration to address certain statements made by the plaintiffs in their Opposition to Withdrawing Counsel's Motion for Declaratory Relief (DE 125).

3. As I accurately stated both in the Motion to Withdraw filed by me in the above-captioned case and in the Motion to Withdraw filed by me in the predecessor action:

> Attorney Darshan-Leitner and lawyers associated with her office were involved in initiating this litigation and have participated in all aspects of this case. After organizing the litigation, they sought the assistance of the undersigned to serve as counsel in Washington and have continued representing plaintiffs throughout every phase of this litigation.

(DE 24 at 7 n.2). *See, also, Wyatt*, Civ. No. 01-cv-1628 (RCL) at DE 95, at 7 n.2 (same).

4. Specifically, beginning in 2001, and throughout the period of my representation of the plaintiffs, Attorney Darshan-Leitner and lawyers associated with her office were continuously involved in the litigation against Syria in the above-captioned case, in the predecessor action against Syria, and in defending Syria's appeal in the predecessor case, including: legal and factual research; strategizing; gathering evidence, including researching and consulting with experts; and researching and preparing advanced drafts of the complaints, the extensive motion papers, and the appellate filings, which I submitted on behalf of the plaintiffs in both of the actions before this Court, and in the D.C. Circuit. I also note that the idea of bringing an FSIA action for damages against Syria on behalf of these plaintiffs for the actions of the PKK originated with Ms. Darshan-Leitner's team.

5. The plaintiffs knew of the role of Ms. Darshan-Leitner's office in the proceedings from the inception of this litigation. From our first meeting and discussion of potential litigation, we discussed the role that lawyers in Ms. Darshan-Leitner's office would have, especially with respect to working with experts and gathering information about the kidnapping and the defendants.

6. Accordingly, I also took care to ensure that the Darshan-Leitner team received proper credit. Thus, as just one example, as reflected in the attached email chain (Ex. 1), in 2010 plaintiffs Marvin and Renetta Wilson wrote to me the following:

> We want to express our appreciation for your continuing excellent filings and all the effort you have expended on this law suit. It seems to us it has taken an exorbitant amount of preparation and patience to follow through with all the defensive maneuverings and appeals but in every case we have prevailed. This speaks greatly of your professional knowledge and ability to wade through all the legal entanglements and keep this suit going forward.

(Ex. 1). In response to this statement from the Wilson plaintiffs, I accurately informed them both

in a telephone call and in an email that "this case is a team effort, primarily lead by Israeli counsel Mordechai Hal[l]er, Nitsana Darshan Leitner and Avi Leitner." *Id.* [1]

7. In 2006, when plaintiff Mary Nell Wyatt informed me that she was traveling to Israel, I encouraged her to arrange a meeting with Ms. Darshan-Leitner. I am informed that the meeting did indeed take place in Jerusalem at that time. (Ex. 2).

8. In 2009 I updated the plaintiffs about the status of their case in the attached memorandum which naturally was copied to Avi Leitner, Nitsana Darshan-Leitner and Mordechai Haller. (Ex. 3).

9. In discussing my withdrawal from the case, I mentioned to the lead plaintiffs (Mary Nell Wyatt and Marvin Wilson) during telephone calls that Ms. Darshan-Leitner's law office would continue to be involved in the case after my withdrawal.

10. In 2012 I wrote two letters to the plaintiffs discussing the status of the case and the continued involvement of Avi Leitner, Nitsana Darshan-Leitner and Mordechai Haller in the case and obtaining new U.S. counsel to replace me. (Exs_4 and 5).

11. At times, the clients received emails from me copying some or all the lawyers in Ms. Darshan-Leitner's office (Exs 6 and 7) and referring to them as "partners" in the litigation and encouraging them to meet with those lawyers. (Ex. 8).

12. Following my withdrawal from these actions in 2012, Ms. Darshan-Leitner and successor counsel Robert J. Tolchin, Esq., negotiated an agreement with me regarding the fees and reimbursement of expenses due to my firm for my work on these actions from 2001-2012, pursuant to which they assumed full responsibility for paying me and my firm those fees and expenses.

---

[1] Messrs. Haller and Leitner worked on the plaintiffs' cases in association with the Darshan-Leitner office.

I declare under the penalty of perjury that the foregoing is true and correct.

Dated: Providence, Rhode Island
September 13, 2019

_____
David J. Strachman